IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANITA DAVIS <br> 600 Valley Road <br> Warrington, Pennsylvania 18976 <br>     *Plaintiff,* <br>         v. <br> FOX & ROACH LP <br> T/D/B/A BERKSHIRE HATHAWAY <br> HOMESERVICES FOX & ROACH REALTORS <br> and FOX & ROACH <br> 2595 Interstate Drive, No. 103 <br> Harrisburg, Pennsylvania 17110 and <br><br> FOX & ROACH/TRIDENT <br> LIMITED PARTNERSHIP <br> T/D/B/A FOX & ROACH <br> 431 West Lancaster Avenue <br> Devon, Pennsylvania 19333 <br><br> BERKSHIRE HATHAWAY HOME SERVICES <br> FOX & ROACH REALTORS NEW HOPE <br> T/D/B/A FOX & ROACH <br> 6319 Lower York Road <br> New Hope, Pa 18938 <br>     *Defendants.* | No. _____ <br><br> JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Anita Davis, (hereinafter "Plaintiff") has initiated the instant action to recover damages for disability and age discrimination by the named Defendants, her former employers.

### II. Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

1

3. Plaintiff is an adult individual with an address as captioned above.

4. All named Defendants are "employers" as that term is utilized in the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA) as they each employed in excess of twenty (20) individuals (for ADEA purposes); fifteen individuals (for ADA purposes); and four (4) individuals (for PHRA purposes) in the current or preceding calendar year.

5. At all times relevant hereto, Defendant employed Plaintiff and acted through their agents, servants and employees.

### III. Jurisdiction and Venue

6. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

7. The Court may properly maintain personal jurisdiction over the Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

9. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendants reside in and/or conduct business in this judicial district; and/or (b) because the acts and omissions giving rise to the claims set forth

herein (including specifically the discrimination carried out by Defendants against Plaintiff) occurred exclusively in this judicial district.

## IV. Exhaustion of Administrative Remedies

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff has exhausted her administrative remedies under the ADA, the ADEA, and the Pennsylvania Human Relations Act (PHRA) as follows:

   a. Plaintiff filed a timely written Charge of Discrimination (No. 530-2019-03752) on May 7, 2019 with the Philadelphia Office of the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) alleging disability discrimination; age discrimination; hostile work environment; and retaliation;

   b. Plaintiff cross-filed the aforesaid charge with the Pennsylvania Human Relations Commission;

   c. The EEOC issued a Notice of Right to Sue to Plaintiff on March 2, 2020;

   d. The instant action is filed within ninety (90) days of the issuance of the foregoing Notice.

## V. Factual Background

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff's date of birth is 12-12-1945.

15. Plaintiff is currently 74 years of age.

16. Plaintiff worked as an Office Administrator for Defendants in their New Hope, Pennsylvania office.

17. Plaintiff left the employ of Defendants at the end of December, 2018 (the last day of her final pay period was 12-28-18) and was 73 years of age at that time.

18. Plaintiff suffers from a "disability" (Parkinson's disease) as that term is defined by the ADA.

19. Plaintiff's disability substantially affects several life activities, including but not limited to walking, performing manual tasks with her hands, and activities requiring fine motor skills, and also requires her to take longer to perform everyday tasks than individuals who do not suffer from her condition.

20. Plaintiff was also "regarded as" disabled by Defendants and their agents.

21. During her work with the Defendants, Plaintiff was supervised by Marianne Dillon, an agent and employee of Defendants who was aware of Plaintiff's medical condition and age at all times relevant hereto.

22. During her work with the Defendants, Plaintiff performed her job well.

23. Plaintiff was forced to resign from the employ of the Defendants because of an ongoing pattern of open harassment, berating comments, and abuse by Marianne Dillon based on Plaintiff's disability and age.

24. Plaintiff has not yet found new employment.

25. Marianne Dillon also subjected Plaintiff to a hostile work environment based on her age and disability.

   a. **Examples of Disability Discrimination and Harassment**

26. By way of example only, Marianne Dillon would mock and attack Plaintiff personally as a result of her disability, make disparaging comments referencing the fact that Plaintiff sometimes moved slowly and exhibited symptoms of her disability, and deliberately assign Plaintiff unnecessary work she knew would present difficulties for Plaintiff due to her disability. Her behavior included the following:

   i. asking Plaintiff "could you move any slower?" in a disparaging and cruel tone.

   ii. Telling Plaintiff "you are good – but you're slow;"

4

    iii. Mocking the manner in which Plaintiff walked, making comments such as "I watched you walk across the parking lot and your walk has gotten worse;"

    iv. Insisting that Plaintiff bring Christmas decorations down a flight of steps from the attic before she returned from lunch, demanding "I don't care how you do it."  Dillon knew Plaintiff could not complete these tasks on her own;

    v. Writing Plaintiff up for false and pretextual work issues and keeping track of any behavior she could utilize as a basis to either pretextually discipline or terminate Plaintiff. Plaintiff was told by several agents in the office to "watch her back" with Marianne Dillon;

    vi. Angrily telling Plaintiff "you are starting to scare me, all I get when I talk to you is a blank look."  Plaintiff had explained to Dillon that individuals suffering from Parkinson's Disease do not blink as often as others and develop a slight "mask";

    vii. Advising Plaintiff that her condition was worsening and that she had better think of a "Plan B."  Plaintiff took this as a reference to the fact that Dillon was trying to fire her;

    viii.   There were many other comments made and actions taken against Plaintiff by Marianne Dillon based on her disability.

  **b.  Examples of Age-Related Discrimination and Harassment**

27. By way of example only, Marianne Dillon would also mock and attack Plaintiff personally as a result of her age, and make disparaging comments referencing the fact that she was older, such as the following:

    i. Telling Plaintiff  she was the "oldest" OA (Office Administrator);

    ii. Telling Plaintiff she was "losing it" and needed a "Plan B in place;"

    iii. Telling Plaintiff she hoped her replacement would be "younger" and more "tech—savvy;"

    iv. Asking Plaintiff if she had given any thought to retiring;

    v. There were many other comments made and actions taken against me by Marianne Dillon based on Plaintiff's age.

28. Plaintiff did not want to leave her job and was not ready to stop working.

29. Plaintiff left her job because of the abuse she endured at the hands of Marianne Dillon, which became more than a reasonable person could bear.

30. Plaintiff was constructively terminated from Defendants' employ.

**Count One**
**Americans With Disabilities Act (ADA)**
**Plaintiff v. All Defendants**
**Disability Discrimination and Harassment**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. By their actions as aforesaid, Defendants violated the Americans with Disabilities Act (ADA) in that they subjected Plaintiff to a hostile work environment based on her aforesaid real or perceived disability, harassed Plaintiff because of her real or perceived disability and constructively terminated Plaintiff's employment.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *ad damnum* clause below.

**Count Two**
**Age Discrimination in Employment Act (ADEA)**
**Plaintiff v. All Defendants**
**Age Discrimination and Harassment**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. By their actions as aforesaid, Defendants violated the Age Discrimination in Employment Act (ADEA) in that they subjected Plaintiff to a hostile work environment based on her age and constructively terminated Plaintiff's employment.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *ad damnum* clause below.

## Count Three
## Pennsylvania Human Relations Act (PHRA)
## Plaintiff v. All Defendants
## Disability and Age Discrimination and Harassment

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. By their actions as aforesaid, Defendants violated the Pennsylvania Human Relations Act (PHRA) in that they subjected Plaintiff to a hostile work environment based on her disability and age and constructively terminated Plaintiff's employment.

### *AD DAMNUM CLAUSE*

WHEREFORE, Plaintiff respectfully requests that the Court grant her the following relief:

A. That judgment be entered in Plaintiff's favor and against Defendants on the claims set forth in the instant Complaint;

B. That Plaintiff be awarded actual damages, including front pay and back pay, as well as damages for the pain, suffering, and humiliation caused by the actions and inactions of Defendants;

C. That Plaintiff be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter them and/or other persons or entities from engaging in such misconduct in the future;

D. That Plaintiff is to be accorded any and all such other legal, equitable or injunctive relief as the Court deems just and proper;

E. That Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees and costs as provided by applicable law;

F.      That all of Plaintiff's claims against Defendants are to receive a trial by jury. Plaintiff has also endorsed this demand on the caption of the instant Complaint in accordance with Federal Rule of Civil Procedure 38(b).

          Respectfully submitted,

          WAYNE A. ELY

BY:   /S/   Wayne A. Ely
        Wayne A. Ely, Esquire
        Attorney for Plaintiff
        59 Andrea Drive
        Richboro, PA 18954
        (215) 801-7979

May 28, 2020