IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANITA DAVIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 20-2497 |
| v. | : | |
| | : | |
| FOX & ROACH LP T/D/B/A BERKSHIRE HATHAWAY HOMESERVICES FOX & ROACH REALTORS et al., | : : : : : : | |
| Defendant(s). | : | |

**July 14, 2022**                                                                                   **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Anita Davis ("Davis") brings this action against her former employer, Defendants Fox & Roach LP d/b/a Berkshire Hathaway HomeServices Fox & Roach, REALTORS, Fox & Roach/Trident LP d/b/a Fox & Roach, and Berkshire Hathaway HomeServices Fox & Roach, REALTORS New Hope (collectively, "Fox & Roach"). Davis asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1211, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. §§ 951, *et seq.* Davis claims that Fox & Roach discriminated against her and subjected her to a hostile work environment, both on the basis of age and disability.

Following a deposition of Davis, Fox & Roach filed an amended Answer bringing two counterclaims based on Davis' alleged misrepresentation of her educational record at the time she

1

applied for employment. Before me is Davis' motion to dismiss Fox & Roach's amended counterclaims for lack of subject matter jurisdiction. For the following reasons, Davis' motion will be denied in part and granted in part.

## I.   BACKGROUND[1]

Anita Davis is 76 years old and suffers from Parkinson's Disease. Beginning in June 2007, Davis worked as an Office Administrator for Fox & Roach in their New Hope, Pennsylvania office. At the end of December 2018, after 11 years in that position, Davis claims that she was forced to resign. Davis alleges that she was subject to open harassment and disparaging comments about her age and the symptoms of her disability, including the slow speed at which she walked and performed other tasks.

Davis filed the instant action in May 2020. On November 11, 2021, Fox & Roach deposed Davis. During that deposition, Davis admitted that—contrary to what she had represented on her June 2007 employment application—she had not in fact graduated from high school. Fox & Roach contends that this was the first time they learned that Davis had misrepresented her educational credentials. In her deposition, Davis acknowledged that the Office Administrator position for which she was hired required a high school diploma or equivalent. Upon reading her signed June 2007 employment application, Davis also admitted that the application contained language indicating that the signatory understands that misrepresentation of information on the application is grounds for termination.

Fox & Roach now asserts that, had it been aware of Davis' misrepresentation of her educational credentials prior to the date of hire, it would not have hired Davis for the position of

---

[1] Unless stated otherwise, all facts are taken from the Complaint (ECF No. 1) and the Amended Answer with Amended Counterclaims (ECF No. 47).

Office Administrator. Had the misrepresentation come to light while Davis was an employee of Fox & Roach, she allegedly would have been terminated. On January 18, 2022, Fox & Roach filed an Amended Answer bringing two counterclaims against Davis: one claim for fraudulent inducement based on Davis' signed 2007 employment application indicating that she graduated from high school, and a second claim for declaratory judgment as to whether Davis can seek relief of front and back pay on her discrimination claims in light of the alleged fraud. Fox & Roach amended their counterclaims on March 21, 2022.[2] On April 4, 2022, Davis filed the instant motion under Rule 12(b)(1) to dismiss Fox & Roach's counterclaims. The motion is now ripe for review.

## II.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the power of a federal court to hear a claim or a case. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). When presented with a Rule 12(b)(1) motion, the claimant has the "burden of proof that jurisdiction does in fact exist." *Id.* at 302 n.3.

A Rule 12(b)(1) motion may raise either a facial or a factual challenge. A facial challenge alleges a failure to plead jurisdictional prerequisites, whereas a factual challenge alleges that the prerequisites for jurisdiction do not in fact exist. *CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008). When faced with a factual challenge, the Court may "review evidence outside the pleadings" and make a factual determination as to whether the Court has jurisdiction. *United States* ex rel. *Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

---

[2] This amendment was in response to Davis' first motion to dismiss the counterclaims on jurisdictional grounds.

### III. DISCUSSION

Davis argues that the Court lacks subject matter jurisdiction over Fox & Roach's counterclaim for fraud.[3]

Rule 13 establishes two kinds of counterclaims: compulsory and permissive. Fed. R. Civ. P. 13. "Failure to assert a compulsory counterclaim before the related claim proceeds to judgment results in the barring of the counterclaim." *James E. McFadden, Inc. v. Bechtel Power Corp.*, Civ. A. No. 85–6945, 1986 WL 4195, at *3 (E.D. Pa. Apr. 3, 1986) (Van Artsdalen, J.) (citing Fed. R. Civ. P. 13(a) advisory committee note 7). A compulsory counterclaim does not require an independent jurisdictional basis to be brought in federal court, even when it is purely a state-law claim. *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 988 (3d Cir. 1984) (citations omitted). On the other hand, a permissive counterclaim requires an independent source of subject matter jurisdiction. Fed. R. Civ. P. 13(b).

A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). As such, a compulsory

---

[3] As a preliminary matter, Davis argues that Fox & Roach's second counterclaim, which seeks a declaratory judgment limiting Davis' relief on her discrimination claims, should be dismissed as duplicative. Pl.'s Br. 9–10. I will dismiss the second counterclaim.

"[I]f a party seeks declaratory relief that is redundant with claims already presented, courts may dismiss the claim which seeks declaratory relief . . . ." *Carlson v. Amica Mut. Ins. Co.*, No. 17-cv-4621, 2018 WL 10809978, at *3 (E.D. Pa. Mar. 12, 2018) (DuBois, J.) (citation omitted).

In its declaratory judgment counterclaim, Fox & Roach asks the Court to preclude Davis' claims to front and back pay or, in the alternative, to limit Davis' claims for back pay, if any, to the period ending February 11, 2021—the date when Fox & Roach was originally scheduled to depose Davis. Defs.' Am. Countercls. ¶ 17 and at 19–20. Should Davis prevail on one or more of her claims of discrimination against Fox & Roach, and should Fox & Roach meet the requisite burden to limit Davis' damages under the defense of after-acquired evidence, the Court must necessarily determine the extent of that limitation. Seeking a declaratory judgment is duplicative and unnecessarily burdensome. As such, I dismiss Fox & Roach's declaratory judgment counterclaim (Count II) and consider Davis' arguments as to subject matter jurisdiction over the fraud counterclaim (Count I) alone.

4

counterclaim must "bear[] a logical relationship to an opposing party's claim." *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978) (citing *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961)). "[A] logical relationship between claims exists where separate trials on each of the claims would 'involve a substantial duplication of effort and time by the parties and the courts.'" *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389–90 (3d Cir. 2002) (quoting *Xerox*, 576 F.2d at 1059). Duplication is likely when claims involve the same factual issues or legal issues or are offshoots of the same basic controversy. *Id.* at 390. The underlying motivation for the compulsory counterclaim rule is judicial economy. *Id.* at 389.

In the employment discrimination context, "the mere fact that [a defendant's] state law counterclaims arise from the same employment relationship as the [plaintiff's] original claims over which the court has subject matter jurisdiction is insufficient to render the counterclaims compulsory. . . . Some greater connection is necessary." *Brooks v. Valley Day Sch.*, No. CIV.A. 14-5506, 2015 WL 4770759, at *4 (E.D. Pa. Aug. 12, 2015) (Buckwalter, J.) (quoting *Stewart v. Lamar Adver. of Penn LLC*, Nos. Civ. A 03–2914, 03–2690, 03–5293, 2004 WL 90078, at *2 (E.D. Pa. Jan.14, 2004) (Van Antwerpen, J.)). But where resolution of the defendant's counterclaim directly impacts plaintiff's ability to establish the elements of her own claim of discrimination, the claim and counterclaim are logically connected and defendant's counterclaim is compulsory, necessitating no independent source of jurisdiction. *See Brooks*, 2015 WL 4770759, at *5 (holding that defendant's counterclaim was compulsory where counterclaim, if proved, would undermine Plaintiff's ability to prove he had suffered an adverse employment decision); *Nwoga v. Cmty. Council For Mental Health & Retardation, Inc.*, No. CIV.A. 12-5393, 2013 WL 705917, at *10 (E.D. Pa. Feb. 27, 2013) (Kelly, J.) (finding that counterclaims,

including for fraud, were compulsory because they arose from the same factual circumstances underlying the plaintiff's claims of racial discrimination); *Stewart*, 2004 WL 90078, at *3 (determining that defendants' counterclaims were compulsory where defendants would "rely on the same essential facts and proof that support their counterclaims" to defend against the plaintiff's contention that she suffered an adverse employment action, one of the elements of her Title VII claim); *cf. Thomas v. Bala Nursing & Ret. Ctr.*, No. CIV.A. 11-5771, 2012 WL 1605267, at *3 (E.D. Pa. May 7, 2012) (Strawbridge, Mag. J.) (dismissing counterclaim for lack of jurisdiction where facts underlying the counterclaim were "utterly distinct from the elements necessary to establish [the plaintiff's] underlying claims.").

Here, Plaintiff Davis argues that Fox & Roach's counterclaim is permissive rather than compulsory, requiring the Court to identify an independent source of jurisdiction to adjudicate it. Pl.'s Br. 3–5. Davis asserts that the Court's only possible source of jurisdiction is diversity jurisdiction under 18 U.S.C. § 1332; Davis argues that it is impossible for Fox & Roach to plead that its counterclaim meets the $75,000 amount in controversy requirement. *Id.* at 7.

Fox & Roach counters that their counterclaim against Davis is compulsory. Because Davis' ADA, ADEA, and PHRA claims require demonstration that Davis was a qualified individual able to perform the essential functions of her position, Fox & Roach argues that their counterclaim "directly relate[s] to and concern[s] Plaintiff's qualifications for employment" and thus relate to the sustainability of her discrimination claims. Defs.' Br. 14. Fox & Roach also suggests that, should the Court find that the counterclaim is merely permissive, exercise of supplemental jurisdiction is appropriate given the factual overlap between Davis' claims and Fox & Roach's counterclaim, making them part of the same case or controversy. *Id.* at 17–18.

Fox & Roach has the better argument. Resolution of Fox & Roach's counterclaim is an essential predicate to the full and complete resolution of Davis' discrimination claims against Fox & Roach, rendering the counterclaim compulsory. The doctrine of after-acquired evidence explains why.

In the employment discrimination context, after-acquired evidence is evidence of an employee's misconduct that does not come to light until after they resign or are terminated. When a plaintiff brings claims of employment discrimination against her former employer, after-acquired evidence does not bar the plaintiff's recovery outright. *Mardell v. Harleysville Life Ins. Co.*, 65 F.3d 1072, 1073 n.1 (3d Cir. 1995). It may, however, be used to limit her damages. *Id.* To avail itself of the after-acquired evidence defense, an employer must "establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Id.* (quoting *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362–63 (1995)). Should the employer successfully meet this burden, any damages awarded to a prevailing plaintiff are limited to backpay covering the period "from the discharge to the time that the wrongdoing was discovered.[4] *Id.* at 1074. Courts have recognized misrepresentation on an employment application as a relevant source of after-acquired evidence. *Mardell*, 65 F.3d at 1073 n.1.

Here, Fox & Roach cite after-acquired evidence of Davis' alleged misrepresentation of her educational credentials to support both their defense against Davis' discrimination claims and as the substance of their counterclaim. Fox & Roach pleads that Davis' material misrepresentation

---

[4] *McKennon* and *Mardell* are ADEA and Title VII cases. In the Third Circuit, after-acquired evidence limits relief on successful ADA claims in the same way it does on successful ADEA claims. *See Bowers v. NCAA*, 475 F.3d 524, 536–37 (3d Cir. 2007) (applying *McKennon* and *Mardell*'s holdings on after-acquired evidence in ADA case).

of her educational credentials prevented them from hiring a qualified candidate and caused them to expend resources on an unqualified employee. Defs.' Am. Countercls. ¶¶ 38–40. Fox & Roach may be able to establish that the wrongdoing was of such severity that Davis would have been terminated for this misrepresentation had Fox & Roach known of it earlier. As such, should Davis prevail on one or more of her ADA, ADEA, and PHRA claims, her alleged misrepresentation could have the potential to limit recovery to the sum of backpay for the period between her discharge and her deposition (when the resume discrepancy surfaced).

Fox & Roach has already pleaded the after-acquired evidence defense. It follows that if Fox & Roach can use the after-acquired evidence to defend against Davis' discrimination claims, it should have the opportunity to utilize this same evidence in attempting to prove its own claim against Davis. Although Fox & Roach must show more than the mere misrepresentation of educational credentials to succeed on its counterclaim, the Court cannot determine what remedy, if any, Davis might receive without at least partially adjudicating the merits of that counterclaim. Furthermore, denying jurisdiction and staying the instant matter pending resolution of the fraud claim in state court would unreasonably delay adjudication of Davis' claims before me and result in "substantial duplication of effort and time by the parties and the courts." *Transamerica*, 292 F.3d at 390. Davis' claims and Fox & Roach's counterclaim thus have the requisite logical connection *Xerox* requires; the claims are connected by more than the bare fact that the parties were engaged in an employment relationship. As such, I find that Fox & Roach's counterclaim

against Davis is compulsory.[5] Although the Court makes no findings as to the merits of either Fox & Roach's defense of after-acquired evidence or their counterclaim against Davis, the Court has the power to hear both.

### IV. CONCLUSION

For the above reasons, Davis' motion to dismiss Fox & Roach's amended counterclaims will be denied in part and granted in part. An appropriate order follows.

                                               ___s/ANITA B. BRODY, J.___
                                               ANITA B. BRODY, J.

Copies **VIA ECF**

---

[5] Even if the counterclaim was merely permissive, I would exercise supplemental jurisdiction over it.

     A permissive counterclaim—broadly defined to include any claim that is not compulsory—requires a basis of federal jurisdiction independent of the opposing party's claim. Fed. R. Civ. P. 13(b); *Aldens Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975). This independent ground may be provided by 28 U.S.C. § 1367, which specifies that a district court has supplemental jurisdiction over all claims that are "so closely related to [the plaintiff's claims] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "share significant factual elements." *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1198 (3d Cir. 1996) (citing *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991)). When a defendant's state law counterclaim relies largely on facts common to its defense(s) to the plaintiff's claims, they fall "within the supplemental jurisdiction of the district court." *Id.*

     Here, resolution of Fox & Roach's counterclaim against Davis requires much of the same factual inquiry as does an assessment of Fox & Roach's defenses against Davis' claims for backpay and frontpay damages. Defs.' Am. Countercls. at 11, 17–18. The Court cannot weigh Fox & Roach's thirteenth and fourteenth defenses—reducing or barring Davis' claims for backpay and frontpay based on "material misrepresentations regarding [Davis'] educational background"—without determining if she did indeed make those misrepresentations, which is one element of the counterclaim for fraud.